**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUIS LICEA, an individual, and DOMINICK MARTIN, an individual,

Plaintiffs,

v.

J&P PARK ACQUISITIONS, INC., a South Carolina corporation; and DOES 1-10, inclusive,

Defendants.

Case No. 5:19-cv-00068-R-SHK

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN BERNARDINO**

[Concurrently filed with supporting Declarations of Scott J. Ferrell and David W. Reid]

Date: March 18, 2019
Time: 10:00 a.m.___
Ctrm: 880

Complaint filed: December 10, 2018
Removal Filed: January 10, 2019

## TABLE OF CONTENTS

I. PLAINTIFFS MET AND CONFERRED PURSUANT TO L.R. 7-3 AND DEFENDANT'S ARGUMENT TO THE CONTRARY IS MISLEADINGLY INCOMPLETE AND OFFERED IN BAD FAITH. .... 1

II. PLAINTIFF'S CAUSE OF ACTION ONLY PRESENTS *COLLATERAL* ISSUES OF FEDERAL LAW, NOT AN *ESSENTIAL* FEDERAL QUESTION. .... 3

A. Removal Is Not Proper Where A Federal Issue Is Merely Collateral To A State Law Claim. .... 4

B. The Unruh Act Provides for the Injunctive Relief Sought By Plaintiffs – Which Does Not Include "Physical Alternations" of a "Facility". .... 6

C. Plaintiffs' Complaint May Be Reasonably Construed As Pleading Intentional Discrimination Under the Unruh Act. .... 7

III. THE LACK OF A NEXUS REQUIREMENT UNDER THE UNRUH ACT SUPPORTS REMAND. .... 9

IV. CONCLUSION .... 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Anyang Xinyi Electric Glass Co., Ltd. v. B & F Intl. (USA) Inc.*, CV-1500862-BRO(AJWx), 2016 WL 7435482 (C.D. Cal. Aug. 4, 2016) ........ 3

*Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022 (N.D. Cal. 2007) ........ 10

*California Shock Trauma Air Rescue v. State Compen. Ins. Fund*, 636 F.3d 538 (9th Cir. 2011) ........ 4

*Cohen v. Ralphs Grocery Co.*, No. CV 13-01728 GAF, 2013 WL 1303825 (C.D. Cal. Mar. 26, 2013) ........ 9

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996) ........ 4

*Evergreen Media Holdings, LLC v. Stroock & Stroock & Lavan LLP*, CV15-01648-AB(VBKx), 2015 WL 12765630 (C.D. Cal. Apr. 16, 2015) ........ 3

*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983) ........ 5

*Grable & Sons Metal Products, Inc. v. Darue Engr. & Mfg.*, 545 U.S. 308 (2005) ........ 6

*Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S.Ct. 96 (1936) ........ 4

*Gunn v. Minton*, 568 U.S. 251 (2013) ........ 3

*Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) ........ 4, 11

*Jairath v. Dyer*, 154 F.3d 1280 (11th Cir.1998) ........ 5

*Mason v. El Torito*, No. CV 12-07934 GAF, slip op. (C.D. Cal. Oct. 15, 2012) ........ 9

*Meggs v. NBCUniversal Media, LLC*,
2:17-CV-03769-ODW(RAOx), 2017 WL 2974916 (C.D. Cal. July 12, 2017) .......... 3

*Molski v. EOS Estate Winery*,
2004 WL 3952249, No. CV 03-5880-GAF (C.D. Cal. July 14, 2005) .......... 6

*Molski v. M.J. Cable, Inc.*,
481 F.3d 724 (9th Cir. 2007) .......... 6

*Nat'l Fed. of Blind v. Target*,
582 F. Supp. 2d 1185 (N.D. Cal. 2007) .......... 10

*Pickern v. Best Western Tiber Cove Lodge Marina Resort*,
194 F.Supp.2d 1128 (E.D. Cal. 2002) .......... 5

*Pickern v. Stanton's Restaurant & Woodsman*,
No. C 01–2112 SI, 2002 WL 143817 (N.D. Cal. Jan. 29, 2002) .......... 5

*Rains v. Criterion Systems, Inc.*,
80 F.3d 339 (9th Cir.1996) .......... 4, 9

*Rios v. CWGS Enterprises, LLC*,
No. CV 17-03614 .......... 9

*Rios v. Friendly Hills Bank*,
No. CV 17-04582 BRO (JPR), 2017 WL 3530348 (C.D. Cal. Aug. 16, 2017) .......... 9

*Sullivan v. First Affiliated Sec., Inc.*,
813 F.2d 1368 (9th Cir. 1987) .......... 3

*Thurston v. Chino Commercial Bank*,
No. CV 17-01078 BRO, 2017 WL 3224681 (C.D. Cal. July 27, 2017) .......... 9

*Thurston v. ClearPath Lending, Inc.*,
2019 WL 366405 (C.D. Cal. Jan. 28, 2019). (*Id*. at ¶ 2) .......... 2, 9

*Thurston v. Container Store, Inc.*,
2017 WL 658806 (C.D. Cal., Feb. 16, 2017) .......... 9

*Vogel v. Rite Aid Corp.*,
992 F. Supp. 2d 998 (C.D. Cal. 2014) .......... 6

*Wander v. Kaus*,
304 F.3d 856 (9th Cir. 2002) .......... 1, 5, 6

**California Cases**

*O'Connor v. Village Green Owners Ass'n*,
33 Cal.3d 790, 191 Cal. Rptr. 320, 662 P.2d 427 (1983)........................................... 10

*Thurston v. Midvale Corporation*,
2018 WL 6990623 (L.A. Sup. Ct., BC663214) (May 21, 2018)................................. 6

*Warfield v. Peninsula Golf & Country Club*,
10 Cal.4th 594, 42 Cal.Rptr.2d 50, 896 P.2d 776 (1995) .......................................... 10

**Federal Statutes**

28 U.S.C.
§ 1447 ................................................................................................................ 1
§ 1447(c)............................................................................................................. 2
ADA................................................................................................................*passim*
Title III of the ADA ...................................................................................... 1, 5

**California Statutes**

Civil Code
§ 51 et seq. ......................................................................................................... 8
§ 51(b)................................................................................................................ 8
§ 51(f) ......................................................................................................... 4, 6, 8
Unruh Act ......................................................................................................*passim*
Unruh Act Amendments ................................................................................... 10

**Federal Rules**

Rules of Civil Procedure Rule
Rule 11(b) ........................................................................................................... 3
Rule 11(c)(3) ....................................................................................................... 3
Rule 26(f)............................................................................................................ 2

Local Rules
7-3 ...................................................................................................... 1, aZ2, 3, 11

## I. PLAINTIFFS MET AND CONFERRED PURSUANT TO L.R. 7-3 AND DEFENDANT'S ARGUMENT TO THE CONTRARY IS MISLEADINGLY INCOMPLETE AND OFFERED IN BAD FAITH.

Defense counsel's argument that Plaintiffs' counsel failed to meet and confer pursuant to Local Rule 7-3 is *remarkably* misleading and offered in bad faith.  On January 11, 2019, Plaintiffs' counsel sent to Jan Buddingh, Jr., Jillian Fairchild and Roger Mansukhani of Gordon Rees Scully Mansukhani LLP an email with the subject line, "Meet and Confer Regarding Motion to Remand Case No. 5:19-cv-00068-KK (Licea v. J and P Acquisitions)" which included the substantive bases for Plaintiffs' intended motion for remand *and* an invitation to further meet and confer thereon. (Ferrell Decl., Ex. A).  Not one of Defendant's attorneys to whom the email was sent responded *in any way* – they simply ignored Plaintiffs' request. (Ferrell Decl., ¶ 3).

Defense counsel's failure to attach Plaintiffs' counsel's meet and confer request despite filing declarations in support of their Opposition only further highlights defense counsel's misleading and bad faith contentions.  Specifically, Plaintiffs' counsel made the following request regarding the intended motion to remand:

> Counsel,
>
> I am writing to meet and confer in accordance with Local Rule 7-3 before filing Plaintiff's Motion to Remand the above-referenced matter pursuant to 28 U.S.C. Section 1447. Defendant's removal of this action was improper under well-established Ninth Circuit precedent
>
> First, there is no federal question jurisdiction. *See Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002) (holding "there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law.  Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA").  Indeed, recently we have successfully remanded two other similar matters on identical grounds. *See Thurston v. The Container Store, Inc.*, case no. 5:16-cv-02658-SVW-DTB (C.D. Cal. 2/17/17)(Dkt. No. 14); *Thurston v. Toys 'R' Us, Inc.*, case no. 5:16-cv-02672-JAK-AGR (C.D. Cal. 2/23/17)(Dkt. No. 15).
>
> Second, there is no diversity jurisdiction, as the prayer explicitly limits the collective value of the recovery sought to $74,999.

> Third, given the clarity of precedent on this issue, we will also ask the Court to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" in accordance with 28 U.S.C. Section 1447(c).
>
> Please advise if you would like to discuss this matter further. We intend to file the Motion to Remand shortly.

(Ferrell Decl., Ex. A).

Thereafter, counsel for Defendant, Jan Buddingh, and counsel for Plaintiff, David W. Reid, exchanged several emails related to this matter on January 30th, January 31st, February 6th, and February 7th, addressing the possibility for early resolution, meeting and conferring pursuant to Rule 26(f), *and addressing Plaintiff's intended motion for remand*. (Reid Decl., ¶ 2). **Indeed, in Mr. Reid's February 7th email, Mr. Reid sent to Mr. Buddingh the Honorable James V. Selna's January 28, 2019 Order where he remanded an *identical* complaint** (aside from party name and applicable website) **to the Superior Court of California for the County of Orange** because the defendant had improperly removed the case on the same grounds Defendant attempts to do so herein. *Thurston v. ClearPath Lending, Inc.*, 2019 WL 366405, SACV-18-2094-JVS(JDEx) (C.D. Cal. Jan. 28, 2019). (*Id*. at ¶ 2). Mr. Buddingh responded to Mr. Reid's email and Judge Selna's order by simply stating, "Our client expects us to be a bit more creative in our arguments" and offered no more substance, reasoning or support. (*Id*. at ¶ 3).

Perhaps more egregious though, on February 11th Mr. Buddingh and Mr. Reid met *in person* pursuant to this Court's January 25, 2019 Order (Dkt. No. 8). (*Id*. at ¶ 4). The motion for remand was again brought up and Mr. Buddingh again only reiterated that he intended to assert "creative" arguments in opposition to Plaintiffs' motion for remand, and offered no substantive basis therefor, no citations to applicable or controlling case law, or indeed, no actual argument whatsoever. (*Id*.)

Defendant's misleading attempts to argue that Plaintiffs' counsel "*never* met and conferred about the substance of Plaintiffs' motion" should not be condoned. (Opp. at 9:17) (emphasis added). While Local Rule 7-3 contemplates that counsel meet and

confer, "preferably in person", it does not require that meet and confer efforts take place in person or even over the phone. Indeed, numerous Central District decisions acknowledge meet and confer efforts may take place via email. *See e.g. Meggs v. NBCUniversal Media, LLC*, 2:17-CV-03769-ODW(RAOx), 2017 WL 2974916, at *4 (C.D. Cal. July 12, 2017); *Anyang Xinyi Electric Glass Co., Ltd. v. B & F Intl. (USA) Inc.*, CV-1500862-BRO(AJWx), 2016 WL 7435482, at *6, n. 6 (C.D. Cal. Aug. 4, 2016).

Here not only were meet and confer efforts undertaken by email, but counsel for the parties likewise met in person and it was *defense counsel* that failed to offer *any substantive response* to Plaintiffs' counsel for its intended opposition. "**[Defendant] cannot *create* an issue under Local Rule 7-3 by ignoring preliminary requests to meet and confer.**" *Evergreen Media Holdings, LLC v. Stroock & Stroock & Lavan LLP*, CV15-01648-AB(VBKx), 2015 WL 12765630, at *3, n. 4 (C.D. Cal. Apr. 16, 2015) (emphasis added).[1]

## II. PLAINTIFF'S CAUSE OF ACTION ONLY PRESENTS *COLLATERAL* ISSUES OF FEDERAL LAW, NOT AN *ESSENTIAL* FEDERAL QUESTION.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "The burden of establishing jurisdiction falls on the party invoking the removal statute, . . . which is strictly construed *against* removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (emphasis added). "The strong presumption against removal jurisdiction means that . . . the court resolves *all* ambiguity in favor of

[1] Defense counsel's argument related to L.R. 7-3 is so incomplete and misleading that it may warrant sanctions pursuant to Rule 11(c)(3) of the Federal Rules of Civil Procedure because their sworn declarations and opposition purposefully mischaracterize the efforts between the parties. Fed. R. Civ. P. 11(b) ("Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (3) the factual contentions have evidentiary support …; and (4) the denials of factual contentions are warranted on the evidence ….")

remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks removed) (emphasis added). The removal statute "is strictly construed and federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (emphasis added).

Federal question jurisdiction only exists where "1) federal law creates the cause of action; 2) under the artful pleading doctrine, the plaintiff's state law claims should be recharacterized as federal claims; or 3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir.1996). Defendant contends that pursuant to the well-pleaded complaint rule, Plaintiff's *sole* state law claim and request for relief pursuant thereto should be recharacterized as a federal claim; however, "Under the well-pleaded complaint rule, we must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, ***and an essential one***, of the plaintiff's cause of action." *California Shock Trauma Air Rescue v. State Compen. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011) (emphasis added) (referencing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112, 57 S.Ct. 96 (1936)). Here, all references to the ADA in Plaintiffs' complaint are merely referential. Plaintiffs' cause of action and prayer for relief *does not* present an essential question of federal law.

**A. REMOVAL IS NOT PROPER WHERE A FEDERAL ISSUE IS MERELY COLLATERAL TO A STATE LAW CLAIM.**

Defendant does not, and indeed cannot, dispute that Plaintiffs did not plead *any* federal causes of action. Instead, Plaintiffs alleged *one* cause of action based on California law. It is true, as Plaintiffs acknowledge in their Complaint, that a violation of the ADA is necessarily a violation of the Unruh Act. Cal. Civ. Code, § 51(f). However, removal remains "improper where a federal issue raised in a plaintiff's complaint is *merely collateral* to a state law claim." *Jackson v. Yoshinoya America Inc.*, no. 12-cv-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013)

(emphasis in original) (citing 4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure § 3722 (4th ed. 2012)). The federal question must be a necessary *element* of the state law claim before federal jurisdiction exists. *Id*. at *2 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812 (1986)); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) ("some substantial, disputed question of federal law [must be] a necessary element of one of the well-pleaded state claims")).

***"Courts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claims."*** *Id*. (emphasis added) (referencing *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim"); *Pickern v. Best Western Tiber Cove Lodge Marina Resort,* 194 F.Supp.2d 1128, 1131 (E.D. Cal. 2002) ("The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction"); *Jairath v. Dyer,* 154 F.3d 1280, 1281 (11th Cir.1998) (holding that a claim arising under a Georgia state law that incorporated the ADA did not confer federal jurisdiction)).

Indeed, the Ninth Circuit has offered binding authority directly on this point. In *Wander v. Kaus, supra*, the Ninth Circuit explicitly held that "**there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA.** To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim." 304 F.3d at 857 (emphasis added); *see also Pickern v. Stanton's Restaurant & Woodsman*, No. C 01–2112 SI, 2002 WL 143817 (N.D. Cal. Jan. 29, 2002) (holding that allegations of ADA

violations as an element of a state claim for damages were insufficient to support federal question jurisdiction).

Defendant attempts to get around the binding authority in *Wander* by trying to draw this Court's focus to Plaintiff's injunctive relief request under the Unruh Act but in doing so misleadingly fails to acknowledge that *Plaintiff seeks statutory damages pursuant to the Unruh Act*, a form of relief specifically omitted from the ADA. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1011 (C.D. Cal. 2014) ("Unlike the ADA, the Unruh Act permits the recovery of monetary damages, in the form of actual and treble damages or statutory damages of $4,000 per violation.") (referencing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007) (citing Cal. Civ. Code § 52(a))).

Here Plaintiffs' state law claims and request for relief thereunder substantially predominate over the mere incorporation of the ADA into the Unruh Act pursuant to section 51(f). *See e.g. Molski v. EOS Estate Winery*, 2004 WL 3952249, at *4, No. CV 03-5880-GAF (C.D. Cal. July 14, 2005) (noting plaintiff's ADA claim was merely a "jurisdictional hook" into federal court, but the "predominant focus" of the lawsuit was his damages under state-law, even when voluntarily limited himself to $4,000).

In short, Plaintiffs' complaint *does not* "implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engr. & Mfg.*, 545 U.S. 308, 312 (2005). Instead, as set forth in Plaintiffs' motion and herein, it presents a cause of action and request for relief under the Unruh Act that numerous other courts have determined to be appropriate for consideration by the Superior Courts.[2]

### B. THE UNRUH ACT PROVIDES FOR THE INJUNCTIVE RELIEF SOUGHT BY PLAINTIFFS – WHICH DOES NOT INCLUDE "PHYSICAL ALTERNATIONS" OF A "FACILITY".

---

[2] *See e.g. Thurston v. Midvale Corporation*, 2018 WL 6990623 (L.A. Sup. Ct., BC663214) (May 21, 2018) (awarding statutory damages and injunctive relief under the Unruh Act); *Davis v. BMI/BNB Travelware Company dba Colorado Bag'n Baggage*, 2016 WL 2935482, (San Ber. Sup. Ct., CIVDS1504682) (Cal. Super. Mar. 21, 2016) (same).

In a further attempt to improperly construe Plaintiff's cause of action as one arising under the ADA rather than the Unruh Act as explicitly pled, and by again incorrectly focusing *solely* on the request for injunctive relief, Defendant cites the *wrong* provision of the Unruh Act. Specifically, Defendant attempts to draw this Court's attention to section 51(d)[3] of the Civil Code wherein it states, "Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure…." However, that is not the provision under which Plaintiff seeks injunctive relief because Plaintiff's claims have *nothing to do with any* "construction" "or modification" to any "facility [or] building." Rather, Plaintiff seeks an accessible *website* pursuant to section 52(c), which cannot reasonably be construed as a facility or building:

> "Whenever there is reasonable cause to believe that any person or group of persons is engaged in conduct of resistance to the full enjoyment of any of the rights described in this section, … any person aggrieved by the conduct may bring a civil action in the appropriate court by filing with it a complaint. The complaint shall contain the following: … (3) A request for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order against the person or persons responsible for the conduct, as the complainant deems necessary to ensure the full enjoyment of the rights described in this section."

It appears Defendant is referencing inapplicable portions of the Unruh Act in a further effort to defeat proper jurisdiction in the Superior Court.

### C. PLAINTIFFS' COMPLAINT MAY BE REASONABLY CONSTRUED AS PLEADING INTENTIONAL DISCRIMINATION UNDER THE UNRUH ACT.

Defendant offers an incorrect and self-serving reading of Plaintiffs' complaint when it attempts to argue Plaintiffs made no allegations of intentional discrimination under the Unruh Act. (Dkt. No. 11 at 14:10-16:8). Rather, Plaintiffs' Complaint can

[3] Defendant mistakenly cites section 52(d), rather than 51(d) of the Unruh Act, the section from which it quoted statutory language. (Opp. at 13:21-25).

and should be construed as alleging intentional discrimination in paragraph 30: "Defendant's actions constitute discrimination against Plaintiffs on the basis of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 et seq. in that: **Defendant has constructed a Website that is inaccessible to Plaintiffs; maintains the Website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause**." (emphasis added).

Indeed, on October 24, 2018, prior to filing their Complaint, ***and as Defendant explicitly acknowledges in its Opposition***, Plaintiffs sent to Defendant a letter advising it of its website's violations of the Unruh Act. (Dkt. No. 11-1 at ¶ 5, Ex. A). Defendant ignored Plaintiffs' letter and refused to make the changes to its website to ensure full and equal accessibility by Plaintiff and other who are visually impaired, thus prompting the filing of her Complaint. As such, Defendant's failure and refusal to ensure equal accessibility as demand by the Unruh Act despite Plaintiffs explicitly advising it of such constitutes intentional discrimination.[4]

Thus, Plaintiffs' reliance upon the very similar scenario in *Thurston v. Toys R Us, Inc.*, 5:16−cv−02672−JAK-AGR at Dkt. 14, pg. 4 (C.D. Cal., February 23, 2017) is directly on point:

> "A review of these allegations and a construction of the Unruh Act, shows that the Complaint seeks relief under two separate theories: (i) Defendant violated Cal. Civ. Code § 51(b), which provides that all persons within the jurisdiction of California are 'entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever," and (ii) Defendant violated Cal. Civ. Code § 51(f), which provides that an ADA violation is also a violation of the Unruh Act. **There is no showing or suggestion that the relief Plaintiff has requested is unavailable under California law. Thus, the present claim is not based *solely* on the ADA. 'When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a**

[4] Plaintiffs are willing, and should be permitted, to amend their complaint to clarify their intentional discrimination allegations should the Court determine it necessary.

**necessary element of the claim**.' *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)."

*Toys R Us*, 5:16–cv–02672–JAK-AGR, Dkt. 14 at 4 (C.D. Cal., February 23, 2017) (emphasis added) (Dkt. No. 10-2, Ex. A); *Thurston v. Omni Hotels Management Corporation*, 5:16-cv-02596-TJH-KK at Dkt. 15 (C.D. Cal., May 19, 2017) (Dkt. No. 10-2, Ex. B). Similarly, Plaintiff's reliance on the *numerous* other district court decisions remanding similarly drafted complaints with website accessibility claims arising under the Unruh Act should be well-taken.[5]

Indeed, though Defendant attempts to distinguish itself from the defendant in *Thurston v. ClearPath Lending, Inc.*, 2019 WL 366405, SACV-18-2094-JVS(JDEx) (C.D. Cal. Jan. 28, 2019), there is no getting around the fact the Honorable James V. Selna remanded an *identical complaint* (aside from parties and website) to the Superior Court for lack of jurisdiction.

## III. THE LACK OF A NEXUS REQUIREMENT UNDER THE UNRUH ACT SUPPORTS REMAND.

Defendant gives short shrift to the case law and statutory construction that, unlike the ADA, the Unruh Act does not require a nexus between physical "business establishments" and their services, which clearly supports remand. Instead, Defendant attempts to get around the state law specific, substantive case law regarding the Unruh

[5] *See Rios v. Friendly Hills Bank*, No. CV 17-04582 BRO (JPR), 2017 WL 3530348, at *4 (C.D. Cal. Aug. 16, 2017) ("Because the Plaintiff only asserts a state-law cause of action and seeks only state-law remedies, the Court finds that the Plaintiff's claim does not "arise under" federal law."); *Thurston v. Chino Commercial Bank*, No. CV 17-01078 BRO (JCx), 2017 WL 3224681, at *4 (C.D. Cal. July 27, 2017) (same); *Rios v. CWGS Enterprises, LLC*, No. CV 17-03614 RSWL-AFMx, 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017) ("It is clear that Plaintiff did not directly allege a federal cause of action and federal law does not create the cause of action in the instant case. Therefore, federal question jurisdiction is not appropriate on this basis."); *Cohen v. Ralphs Grocery Co.*, No. CV 13-01728 GAF (JEMx), 2013 WL 1303825, at *2 (C.D. Cal. Mar. 26, 2013) (finding the claim did not "arise under" federal law where the plaintiff alleged a single cause of action pursuant to a violation of the Unruh Act, even where the plaintiff alleged a violation of the ADA as a theory for proving the Unruh Act violation); *Mason v. El Torito*, No. CV 12-07934 GAF (VBKx), slip op. at 3 [ECF #11] (C.D. Cal. Oct. 15, 2012) ("That Plaintiff mentioned the violation of a federal statute in his Complaint does not transform this suit into a federal question case.") (citing *Carpenter v. Raintree Realty, LLC*, No. CV 11–06798–RGK (MRWx), 2012 WL 2579179, at *2 (C.D. Cal. July 2, 2012) ("The mere fact that the Unruh Act incorporates violations of the ADA does not give this Court federal question jurisdiction over Plaintiff's state law claim.") (*Thurston v. Container Store, Inc.*, 2017 WL 658806 (C.D. Cal., Feb. 16, 2017).

Act by erroneously trying to distract this Court with the underlying facts in *Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022, 1056 (N.D. Cal. 2007), rather than the *holding* – specifically that "**the ParentProfiles.com website is plainly a business establishment as defined under California law**". (emphasis added) (citing *Isbister v. Boys' Club of Santa Cruz, Inc.*, 40 Cal. 3d 72 (1985) (California Supreme acknowledging that the California Legislature intended the Unruh Act's definition of "business establishments" to be interpreted "in the broadest sense reasonably possible").

Indeed, Defendant fails to even <u>address</u> *Nat'l Fed. of Blind v. Target*, 582 F. Supp. 2d 1185 (N.D. Cal. 2007), which specifically held:

> "**The statutory text [of the Unruh Act] is not susceptible to the limited construction that the Ninth Circuit has placed on the ADA**. *Weyer*, 198 F.3d at 1114 (9th Cir.2000). **In its 1959 amendments to the Unruh Act, the California legislature eliminated the list of physical places contained in the Act and replaced it with the reference to "all business establishments of every kind whatsoever."** *Warfield v. Peninsula Golf & Country Club*, 10 Cal.4th 594, 618, 42 Cal.Rptr.2d 50, 896 P.2d 776 (1995) [citation omitted]. **By contrast, the California Supreme Court has read the relevant language of the Unruh Act to the broadest extent possible: "the word 'establishment,' as broadly defined, includes not only a fixed location ... but also a permanent 'commercial force or organization.' "** *O'Connor v. Village Green Owners Ass'n*, 33 Cal.3d 790, 795, 191 Cal. Rptr. 320, 662 P.2d 427 (1983)…. Indeed, one federal district has recently construed the term "business establishment" to include an exclusively internet-based adoption agency. *Butler v. Adoption Media, LLC*, 486 F.Supp.2d 1022, 1054 (N.D. Cal.2007) (Hamilton, J.). In that case, the plaintiffs alleged that the website's refusal to offer same-sex domestic partners the adoption-related services on the same terms and conditions offered married couples, violated the Unruh Act. **None of these cases restrict the applicability of the Unruh Act in the same way as the ADA; imposing a nexus requirement on the class definition for the California subclass is, therefore, not necessary**.

*Target Corp.*, 582 F. Supp. 2d at 1197 (emphasis added). The foregoing decision recognized that the Unruh Act does not support a nexus requirement – period.

Thus, Defendant's attempt to distance itself from case law specifically related to the Unruh Act's applicability to its website as a business establishment is incomplete and misleading. (Dkt. No. 11 at 7:18-8:25). Plaintiff's allegations and relief requests are based on the definition of "business establishment" under the Unruh Act (Cmpl. at

¶¶ 9, 20, 28, 29), *which does not* require a nexus to a place of public accommodation, further supporting remand of this case to the Superior Court.

**IV. CONCLUSION**

For the reasons set forth herein, and in light of the Ninth Circuit's mandate that "the court resolves all ambiguity in favor of remand to the state court", Plaintiff respectfully requests that the Court remand this action to the Superior Court of California for the County of San Bernardino, award Plaintiff's attorneys' fees in the amount of $6,125, and grant such further and other relief as the Court deems appropriate (especially in light of Defendant's misrepresentations regarding the meet and confer efforts pursuant to L.R. 7-3). *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Dated: March 4, 2019

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

By: /s/Scott J. Ferrell
Scott J. Ferrell
Attorneys for Plaintiff


**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2019, I electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN BERNARDINO** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell