UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LICEA; et al., | CASE NO. CV 19-68-R |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |
| v. | |
| J&P PARK ACQUISITIONS, INC.; et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Remand, filed on February 11, 2019. (Dkt. No. 10). Having been thoroughly briefed by the parties, this Court took the matter under submission on March 13, 2019.

Plaintiffs Luis Licea and Dominick Martin (collectively, "Plaintiffs") filed this action in the Superior Court of California for the County of San Bernardino alleging one cause of action against Defendant J&P Park Acquisitions, Inc. ("Defendant") arising under California's Unruh Civil Rights Act ("UCRA"), California Civil Code § 51 *et seq*.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, . . . which is strictly construed *against* removal." *Sullivan*

*v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (emphasis added). "The strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotes omitted).

Under the well-pleaded complaint rule, Plaintiffs are the "master[s] of the claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Thus, where plaintiff can state claims under both federal and state law, she can prevent removal by ignoring the federal claim and alleging only state law claims." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 950 (C.D. Cal. 2014) (citing *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996)). Defendants contend that federal jurisdiction exists in this case because "Plaintiffs' [sic] fail to cite any California authority that the UCRA applies to the claim of a person with visual disabilities when the only basis for the claim is the usability of an ecommerce website. The Plaintiffs' complaint cites only the Americans with Disabilities Act ("ADA") and federal case law to support their UCRA claims for injunctive relief and statutory damages."

In order to establish federal question jurisdiction where the complaint ostensibly contains only a state law claim, the federal question at issue must be a *necessary element* of the state law claim before federal jurisdiction exists. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) ("some substantial, disputed question of federal law [must be] a necessary element of one of the well-pleaded state claims"); *Jackson v. Yoshinoya America Inc.*, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812 (1986)). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346. It is true that a violation of the ADA is necessarily a violation of the UCRA. Cal. Civ. Code, § 51(f). However, it does not follow that a violation of the ADA must necessarily be established at trial in order to succeed on a UCRA claim. "There is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act

a violation of state law." *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002). The UCRA may be violated in a number of ways, with an ADA violation being just one possibility. *See* Cal. Civ. Code § 51. Whether Plaintiffs have a viable claim under the UCRA is a question for the state court and has no bearing on the issue of federal jurisdiction.

Lastly, Plaintiffs request an award of attorneys' fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, because binding Ninth Circuit precedent clearly indicates that removal was improper, and because courts in this district have recently remanded cases on similar (in some cases nearly identical) facts, this Court finds that removal was objectively unreasonable. Accordingly, an award of attorneys' fees is appropriate. Plaintiff's counsel provided an estimate of attorneys' fees incurred in support of this Motion, including fees for time expected to be spent drafting a reply and time spent preparing and appearing for a hearing on the matter; however, counsel has not provided an updated calculation of attorneys' fees.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is GRANTED. (Dkt. No. 10).

**IT IS FURTHER ORDERED** that Plaintiffs shall file a supplemental brief calculating attorneys' fees incurred in bringing this Motion.

Dated: March 20, 2019.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE